**AFFIRMED as Modified; Opinion Filed September 11, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01493-CR

## DARYL WAYNE SIRLS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

### On Appeal from the 204th Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. F12-56044-Q

## MEMORANDUM OPINION

Before Justices Bridges, Lang, and Evans
Opinion by Justice Evans

Daryl Wayne Sirls appeals from the adjudication of his guilt for failure to stop and render aid. The trial court assessed punishment, enhanced by two prior felony convictions, at thirty years' imprisonment. On appeal, appellant's attorney filed a brief in which she concludes the appeal is wholly frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967). The brief presents a professional evaluation of the record showing why, in effect, there are no arguable grounds to advance. *See High v. State*, 573 S.W.2d 807, 811–12 (Tex. Crim. App. [Panel Op.] 1978). Counsel delivered a copy of the brief to appellant. We advised appellant of his right to file a pro se response, but he did not file a pro se

response.  *See Kelly v. State*, 2014 WL 2865901 (Tex. Crim. App. June 25, 2014) (identifying duties of appellate courts and counsel in *Anders* cases).

We have reviewed the record and counsel's brief.  *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (explaining appellate court's duty in *Anders* cases).  We agree the appeal is frivolous and without merit.  We find nothing in the record that might arguably support the appeal.

Although not an arguable issue, we note an error in the trial court's judgment adjudicating guilt.  The record shows appellant pleaded true to two enhancement paragraphs alleging prior felony convictions contained in the indictment.  During the adjudication hearing, the trial court found both enhancement paragraphs true before imposing a thirty-year prison sentence.  *See* TEX. PENAL CODE ANN. § 12.42(d) (West Supp. 2014).  The trial court's judgment, however, erroneously omits both appellant's pleas and the trial court's findings on the two enhancement paragraphs.  We modify the judgment adjudicating guilt to show appellant pleaded true to the first and second enhancement paragraphs, and that the trial court found the first and second enhancement paragraphs true.  *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd).

As modified, we affirm the trial court's judgment.  We order the trial court to enter a corrected judgment adjudicating guilt reflecting these modifications.

/ David Evans/
DAVID EVANS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
131493F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DARYL WAYNE SIRLS, Appellant

No. 05-13-01493-CR        V.

THE STATE OF TEXAS, Appellee

Appeal from the 204th Judicial District
Court of Dallas County, Texas (Tr.Ct.No.
F12-56044-Q).
Opinion delivered by Justice Evans,
Justices Bridges and Lang participating.

Based on the Court's opinion of this date, the trial court's judgment adjudicating guilt is **MODIFIED** as follows:

Add sections showing "Plea to 1st Enhancement Paragraph" is "True" and "Findings on 1st Enhancement Paragraph" is "True."

Add sections showing "Plea to 2nd Enhancement Paragraph" is "True" and "Findings on 2nd Enhancement Paragraph/Habitual" is "True."

As modified, we **AFFIRM** the trial court's judgment adjudicating guilt.

We **ORDER** the trial court to enter a corrected judgment adjudicating guilt reflecting the above modifications.

Judgment entered September 11, 2014.